IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| UPH HOLDINGS, INC., | § | CASE NO. 13-10570 |
| PAC-WEST TELECOMM, INC, | § | CASE NO. 13-10571 |
| TEX-LINK COMMUNICATIONS, INC. | § | CASE NO. 13-10572 |
| UNIPOINT HOLDINGS, INC. | § | CASE NO. 13-10573 |
| UNIPOINT ENHANCED SERVICES, INC. | § | CASE NO. 13-10574 |
| UNIPOINT SERVICES, INC. | § | CASE NO. 13-10575 |
| NWIRE, LLC | § | CASE NO. 13-10576 |
| PEERING PARTNERS | § | CASE NO. 13-10577 |
| COMMUNICATIONS, LLC | § | |
| | § | **Jointly Administered Under** |
| DEBTORS | § | **CASE NO. 13-10570** |
| _____ | § | **(Chapter 11)** |
| UPH HOLDINGS, INC., | § | |
| PAC-WEST TELECOMM, INC, | § | |
| TEX-LINK COMMUNICATIONS, INC. | § | |
| UNIPOINT HOLDINGS, INC. | § | |
| UNIPOINT ENHANCED SERVICES, INC. | § | |
| UNIPOINT SERVICES, INC. | § | |
| NWIRE, LLC | § | |
| PEERING PARTNERS | § | ADV. PRO. NO. _____ |
| COMMUNICATIONS, LLC | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| VS. | § | |
| | § | |
| NIXON PEABODY LLP, | § | |
| | § | |
| DEFENDANT. | § | |

## COMPLAINT

UPH Holdings, Inc., ("UPH"), Pac-West Telecomm, Inc., ("Pac-West"), Tex-Link Communications, Inc. ("Tex-Link") UniPoint Holdings, Inc. ("UniPoint Holdings"), UniPoint Enhanced Services, Inc. ("UniPoint Enhanced Services"), UniPoint Services, Inc., ("UniPoint Services"), nWire, LLC ("nWire"), and Peering Partners Communications, LLC ("Peering

Partners") (collectively the "Debtors" and/or "Plaintiffs"), file this Complaint against Nixon Peabody LLP, and alleges as follows:

## JURISDICTION AND VENUE

1. This is an adversary proceeding brought by the Plaintiffs pursuant to Bankruptcy Rule 7001(1) and 11 U.S.C. § 547. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 157 and § 1334 in that this is a core proceeding arising under Title 11 of the United States Code (the "Bankruptcy Code") or arising in or related to a case under the Bankruptcy Code.

## FACTUAL BACKGROUND

2. On March 28, 2013 ("Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, et. seq. (as amended, the "Bankruptcy Code"). The Debtors continue to operate as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

## THE PARTIES

3. The Plaintiffs may be served in this adversary proceeding through the undersigned counsel.

4. Defendant Nixon Peabody LLP ("Defendant") is a New York limited liability partnership with its principal place of business at 1300 Clinton Square, Rochester, NY 14604. Defendant may be served by delivering a copy of the summons and the complaint to its CEO and managing partner, Andrew I. Glincher at 100 Summer Street, Boston, MA 02110-2131, or pursuant to Federal Rule of Civil Procedure 4(h) by serving any director, officer or agent authorized by law to accept service.

## COUNT I

5. Paragraphs 1-2 are incorporated herein by reference.

6. Within 90 days prior to the Debtors' bankruptcy filings, the Debtors made transfers of their property to the Defendant, a creditor of the Debtors. The Debtors paid said defendant the total of at least $10,000.00. , identified as follows:

| Date | Amount |
|---|---|
| 3/5/2013 | $10,000.00 |
| **Total** | **$10,000.00** |

7. Such transfer or transfers were for or on account of an antecedent debt owed by the Debtors before the respective transfer was made.

8. Each transfer was made while the Debtors were insolvent as that term is defined in Section 101(32) of the Bankruptcy Code.

9. Each transfer was made on or within ninety (90) days before the date of the filing of the petitions for relief commencing these cases.

10. Each transfer enabled the Defendant to receive more than it would receive as a creditor if (a) the cases were under Chapter 7 of the Bankruptcy Code, (b) the transfer had not been made, and (c) said defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

WHEREFORE, the Plaintiffs request that judgment be tendered against the Defendant directing said Defendant to return said payments to Plaintiffs, together with the costs and expenses of this action and the interest that has accrued since the Plaintiffs' first demand for return of the payments and that the Plaintiffs be granted any and all other relief to which they may show themselves justly entitled.

Respectfully submitted,

JACKSON WALKER L.L.P.
100 Congress Ave., Suite 1100
Austin, Texas 78701
(512) 236-2000
(512) 236-2002 - FAX


By: */s/Patricia B. Tomasco*
    Patricia B. Tomasco
    State Bar No. 01797600
    (512) 236-2076 – Direct Phone
    (512) 691-4438 – Direct Fax
    Email address: ptomasco@jw.com

    Jennifer F. Wertz
    State Bar No. 24072822
    (512) 236-2247 – Direct Phone
    (512) 391-2147 – Direct Fax
    Email address: jwertz@jw.com

**COUNSEL FOR PLAINTIFFS**